## NÚÑEZ *v.* TIBOT.

### APPEAL from the District Court of San Juan.

No. 61.—Decided March 13, 1905.

ENTRIES IN THE OLD REGISTRIES—APPLICATION FOR TRANSFER TO THE MODERN BOOKS OF THE REGISTRY—TITLES:—Applications filed by an agent by verbal appointment praying for the transfer of certain entries from the old to the modern books of the registry cannot be considered as titles for the purposes of admission to record.

ID.—For the purposes of admission to record, title is understood to mean an authentic public instrument, *inter vivos* or *mortis causa,* upon which the person in whose favor the record is to be made bases his right to real property or property rights.

ID.—NULLITY OF RECORDS.—Applications for transfer from the old to the modern
    books of the registry, not being considered titles, the fact that such petitions
    were null and void is not sufficient to render null and void the records en-
    tered by virtue thereof.
ID.—RATIFICATION OF APPLICATIONS FOR TRANSFER.—Registrars are in duty bound
    to notify the interested parties in each case, in order that they may proceed
    within the period of one year granted within which to effect transfers to
    ratify the petitions made by their agents by verbal appointment, and the
    fact that it does not appear that such duty of the registrar ·has been com-
    plied with, and the ratification is made after the time granted therefor, is
    not sufficient in itself to warrant a declaration of nullity of such petitions,
    nor can the omission of the registrar prejudice the rights of the principal.
ID.—CANCELLATION OF ENTRIES TRANSFERRED FROM THE OLD TO THE MODERN
    BOOKS.—The cancellation of entries made in the old books and transferred
    to the modern books must be effected in accordance with the provisions of
    Title IV of the Mortgage Law.
ID.—CANCELLATION OF RECORD.—In accordance with the Mortgage Law, the abso-
    lute cancellation of a record will be decreed, among other cases, only when
    it has been declared null and void for want of some of the essential requisites
    referred to by article 9 of the said law.
ID.—Although the transfer of entries from the old to the modern books may not
    have been effected with all the formalities required by the law, however, if
    the registrars shall have entered the records, no charge can be made against
    the party interested in the real right recorded, to the extent of declaring the
    record null and void for reasons other than those which, in accordance with
    the Mortgage Law, may produce the nullity thereof.
ID.—MARGINAL NOTE OF DEMAND FOR ANNULMENT.—Where a demand for annul-
    ment of records is rejected and a marginal note of the demand was made in
    the registry, notice of the denial thereof should be given to the registrar in
    order that he may cancel the marginal note.
ID.—COSTS.—Costs must be taxed against the party whose demands have been in
    all things denied.

## STATEMENT OF THE CASE.

This is an ordinary civil action prosecuted in the District
Court of San Juan by Isabel Núñez Rivera, as plaintiff, and
José R. Tibot y Fuentes, as defendant, seeking to secure the
annulment of petitions and certain records in the registry of
property and the cancellation of the latter. The proceedings
are pending before us by virtue of an appeal taken from the
judgment rendered by said district court, a literal copy of
which reads as follows:

"Judgment. In the city of San Juan, Porto Rico, the 12th day
of March, 1904. An oral and public hearing was had in these pro-

ceedings for annulment, prosecuted before this court, by Isabel
Núñez y Rivera, as plaintiff, represented by her counsel, Antonio Sar-
miento y Porras, and José R. Tibot y Fuentes, as defendant, repre-
sented by his counsel, Cruz Castro.

"Isabel Núñez Rivera brought an action against José R. Tibot y
Fuentes, praying in the complaint that the petitions filed by Angel
Fernández Umpierre, as the alleged parol agent of Tibot, by virtue
of which records 1, 2 and 3 of estate No. 719 of Bayamón, folios 207
*et seq.* of volume 13 of said town, addressed to the Registrar of Prop-
erty of San Juan were made, be declared null and void; that such
records be annulled and cancelled and that an order be issued in dupli-
cate for the purpose, with the costs against Tibot. The facts set forth
are as follows: On September 20, 1870, Juan Basilio Núñez executed
before Notary Demetrio Giménez a public instrument, in which he
acknowledged that he was indebted to Vicente Rodríguez in the sum
of 1,600 *escudos,* secured by a mortgage on the 'Aurora' plantation,
consisting of 142 *cuerdas,* situated in the *barrio* of Juan Sánchez, of
Bayamón, bounded by the plantations Isleta and Santa Cruz, and
the property of Octavio Zarate, estate of Mascaró and Juana Puntao.
This mortgage was recorded in the registry of mortgages at folio 46·
over, number 42, old book No. 23. On November 21, 1870, Vicente
Rodríguez transferred this credit to José R. Tibot y Fuentes, be-
fore Ramon Rodríguez, a notary of Bayamón. This transfer was not
entered on the register, nor did the alleged creditor request the trans-
fer of the mortgage from the old to the new books of the registry. In
1894, however, Angel Fernández Umpierre, claiming to be the parol
agent of Tibot, requested and obtained a record of the ownership of
the property described, in the name of Juan Basilio Núñez, and the
transfer of the old record of the assignment of the mortgage to Tibot,
on March 4, and June 1 and 4, 1894, resulting in the first, second and
third inscriptions of the estate, at the folio and in the volume above
mentioned. The petitions addressed to the registrar asking for the
records mentioned do not appear upon the register to have been rati-
fied by the person interested within the term prescribed by law, nor
up to the present date, the law applicable to the case being article
397 of the Mortgage Law, article 450 of the Regulations for its ex-
ecution, Royal Decree of June 18, 1895, section 4 of the Civil Code,
and section 63 of General Order No. 118.

"In a supplementary prayer, it was requested that according to
article 88 of the Regulations for the execution of the Mortgage Law,

an order issue to the registrar of property to make a marginal note of the claim, which was done.

"The defendant answered, praying for the dismissal of the complaint with costs, and that the records transferred be held valid and in force, setting forth as facts: The acquisition by assignment mentioned; that Fernández, the agent, obtained the transfer of the records of the mortgage from the old to the modern register; that no provision of law prohibited the intervention of an agent in these matters, nor did any require the ratification of the principal, the Royal Order of 1895 being issued thereafter, which the debtor adduces in support of his contention, without considering sections 13 and 14 thereof; that Tibot did not know of the existence of this royal order by reason of being a rural landowner engaged in his habitual occupations; that on June 6, 1894, Tibot instituted execution proceedings in the court-of Vega Baja for the recovery of the mortgage credit in reference, the law being articles 1091, 1100, 1857 and 1866 of the Civil Code and General Order No. 118, series of 1899, with respect to costs.

"The evidence introduced by the plaintiff shows that the Registrar of Property certifies that at folio 209, volume 13, of Bayamón, estate No. 719, first entry, the ownership by purchase of the estate whose description and boundaries have been stated is recorded in favor of Juan Basilio Núñez, and that it is subject to a mortgage of 1,600 escudos in favor of Vicente Rodríguez, recorded at folio 46 over, No. 9, of old book No. 23, which facts appearing on the register were taken from the first copy of the instrument therein mentioned, and from an additional communication signed by Angel Fernández Umpierre, as parol agent of José R. Tibot, who claims to be the creditor of Juan Basilio Núñez, dated February 29th last. Said communication is filed in the package of private documents under No. 16. The registrar certified to the correctness of the statements on March 9, 1894, and on the margin he made a note of the declaratory action for annulment of the inscription in accordance with the order of this court, dated November 30, 1903. At folio 209 of said volume and estate appears the following record: '2. Rural farm called "Aurora," barrio of Juan Sánchez, of Bayamón. Juan Basilio Núñez confesses by instrument executed before Demetrio Giménez, of the 24th, to be indebted to Vicente Rodríguez in the sum of 1,600 escudos, which sum he offers to repay in four months from the date thereof, with interest at the rate of 2 per cent per month, in the meantime mortgaging the "Aurora" farm referred to.' The above con-

forms to the respective record to which attention is called, from which it appears that Vicente Rodríguez is the owner of the mortgage which is recorded in his name. All these facts appear on the register and in the petition signed by Angel Fernández Umpierre on April 9, as the parol agent of the said Tibot, who alleges that he is the assignee of Rodríguez, which petition was delivered to him and filed. The record bears the date of June 1, 1894, and two notes are entered on the margin, one to the effect that the credit is transferred by the third entry, and the other relating to the petition for annulment referred to.

"That from said certificate it appears that at folio 210 of said volume and estate, there appears a third entry of the transfer to José R. Tibot by Vicente Rodríguez of the charge mentioned in the second entry, bearing the date of June 4, 1894, and on the margin a note of the petition for annulment mentioned; it also contains a copy in abstract of a communication on file in the package of private documents for 1894, addressed to the registrar, headed and signed by Angel Fernández Umpierre, as parol agent of José R. Tibot, stating that, being a mortgage creditor of Juan Basilio Núñez, he is desirous that the 'Aurora' farm, a description of which he gives, be recorded in favor of the latter (Tibot). There is also another communication to the registrar, addressed, headed and signed by said Fernández Umpierre as the parol agent of the said Tibot, stating that the property having been recorded in favor of Juan Basilio Núñez, who mortgaged it to Vicente Rodríguez, the latter conveying it to Tibot, it became necessary to transfer entry No. 92, folio 46 over, of old book No. 23; attached to this communication was the deed, dated April 9, 1894, at the end of which a memorandum appears to the effect that 'the transfer referred to was made in volume 107, file 13, Bayamón,' on June 1, 1894, citing the folio and estate; and at folio 7 over, of volume 22 of the journal, appears an entry numbered 23, which states: 'There is an error in the record of presentation in that in the document presented the ratification and not the rectification, as erroneously stated, is requested.' It is corrected under date of January 23, 1896, the note 'for rectification' following: 'The record of ratification referred to in the accompanying note is not allowed, because neither the Mortgage Law nor the Royal Order of June 18, 1895, authorizes the persons interested to ratify records in the registry, providing only that petitions for transfers presented by parol agents shall be ratified by the persons interested within the year granted for the transfers.'

"The evidence introduced by the defendant shows that the registrar certifies that at folio 209, volume 13, of Bayamón, estate and number mentioned, the 'Aurora' farm appears recorded in favor of Juan Basilio Núñez, according to the first entry, which is still in force, although there appears in the margin thereof a memorandum of a petition for annulment, which is the subject matter of this action; that the first entry mentioned was made at the petition of Angel Fernández Umpierre, the parol agent of the aforementioned Tibot, who alleged that he was the creditor of Juan Basilio Núñez, under a deed of February 29, 1894; that at folio 289 over, of volume 28 of the journal, appears entry No. 1046, according to which José R. Tibot presented at 3.05 p. m. a petition signed by him on January 12, 1904, requesting the rectification of the record of the transfer of a mortgage for 1,600 *escudos* made at the instance of Angel Fernández Umpierre in favor of Vicente Rodríguez on the farm 'Aurora,' in the *barrio* and town above mentioned, the property of Juan Basilio Núñez, and the rectification of the second and third entries relating to said estate; and on the margin of the record a note: 'Rectified by entry No. 23, of volume 22 of the journal,' which entry sets forth that an error having been committed in entry of presentation No. 1046, because the ratification is requested by a marginal note opposite the record of the transfer in reference, and not the rectification, 'I rectify it,' the rectification following, the entry being signed by José R. Tibot and the registrar on January 23, 1904; and in the margin oppopsite the entry of rectification copied: 'For rectification of entry 1046.' The transcript of the note of ratification referred to, with the other statements set forth in the preceding finding of the plaintiff, in its last part, is not made, on account of being identical with that of the defendant.

"A day having been set for the holding of the oral trial, counsel for the parties made their respective arguments, a majority judgment being rendered on the day fixed.

"Judge José Tous y Soto prepared the opinion of the court.

"The only question at issue in this action being that relating to the annulment of the records of the 'Aurora' estate transferred from the old to the new books of the registry of property, by reason of having been made on petition of a parol agent not ratified by the persons interested either before or after the term allowed for transfers of encumbrances, it is not possible to discuss in this judgment other points not raised by the parties.

"The transfer of records relating to encumbrances from the old

to the new books is permissible at any time in accordance with article 397 of the Mortgage Law, although the effect of the transfer will not prejudice a third person, if made after the expiration of the year granted by the Mortgage Law and the year's extension subsequently granted; therefore, a person standing in the capacity of a third person may plead the inefficiency of the petition for the transfer of the record which prejudices him, in so far as his rights are affected, when made by a parol agent and not ratified in due time by the persons interested in accordance with subdivision 11 of Royal Order of June 18, 1895; but he cannot plead the nullity of the record in absolute terms, because the declaration of the annulment of an act assumes, according to section 4 of the Civil Code, that the act was performed in violation of law, and in this case it has not been possible to cite any law which places on the person interested in a transfer the obligation to ratify the petition of his parol agent within the year's extension, but merely a royal order regulating the conditions under which transfers of records are to be made in order that they may produce the effect of prejudicing third persons, the annulment of the record of the transfer of a charge on an estate, and the ineffectiveness of this charge against the owner of the property or another person being far different matters.

"In view of the provisions of section 397 of the Mortgage Law and the Royal Orders of June 18, 1895, and November 28, 1894, and section 4 of the Civil Code, we adjudge that we should dismiss, and do dismiss, this complaint, deciding in favor of the defendant, with the costs against the plaintiff. So pronounced, ordered and signed, by this, our final judgment.—Juan Morera Martínez.—José Tous Soto.—Frank H. Richmond."

Counsel for Isabel Núñez took an appeal from the foregoing judgment which was allowed both for review and stay of proceedings. The proper copies having been filed, Attorney Antonio Sarmiento set forth the facts he considered pertinent, alleging a violation of the sections of the Mortgage Law and the Regulations for its execution relating to the transfer of the records contained in the old books, and also of the Royal Order of June 18, 1895. This allegation was contested by Attorney Cruz Castro, representing the respondent, José R. Tibot.

At the hearing Attorneys Sarmiento and Texidor made their arguments, the latter in the place of Attorney Castro.

*Mr. Sarmiento,* for appellant.

*Mr. Cruz Castro,* for respondent.

MR. JUSTICE FIGUERAS, after stating the foregoing facts delivered the opinion of the court.

The findings of fact set forth in the judgment appealed from are substantially accepted.

In these proceedings the annulment of the instruments by virtue of which the first, second and third entries relating to the "Aurora" estate No. 719, folios 209, *et seq.* of volume 13, of the *Ayuntamiento* of Bayamón, was neither requested nor discussed, what is requested being the annulment of the petitions made by Angel Fernández Umpierre, as the parol agent of José R. Tibot y Fuentes, and that of the records referred to, and, as a consequence of the annulment of such records, their cancellation is requested by means of the proper order to the registrar of property of this city.

The petition or prayers of Angel Fernández, the parol agent, cannot be held to be instruments because by an instrument is understood, for all purposes of record, according to article 50 of the Regulations and section 3 of the law, a public and trustworthy document, *inter vivos* or *mortis causa,* upon which the person in whose favor the record is to be made bases his right in the real property or property right; and consequently it cannot be maintained that the records are void, and that they should be cancelled on account of the nullity of the petitions or prayers referred to, under the provisions of the third subdivision of article 79 of the Mortgage Law.

This being the question at issue, and as the record shows it to be an accepted fact that after this complaint had been filed José R. Tibot y Fuentes ratified the written petition of his parol agent, we must consider whether this ratification made after the expiration of the term of one year granted for

making the transfers, is in itself sufficient reason to annul all the petitions. This should be answered in the negative without hesitation because said Royal Order of June 18, 1895, the only scope of which is to elucidate certain points of the law, in deciding the question referred to in No. 14 imposes upon registrars the obligation of notifying the persons interested in each case, in order that they may make the ratification within the proper term, and if it should not appear that this duty was complied with, the omission thereof cannot in justice prejudice the principal, as would be the case if the petitions made in his name were annulled.

According to the second paragraph of article 453 of the Regulations for the application of the Mortgage Law, records made in the old books, which have not been transferred to the new books shall be cancelled in accordance with the provisions of the Fourth Title of the law referred to.

Under the provisions of the Mortgage Law, the absolute cancellation of a record can be effected only when, among other things, it has been annulled on account of the absence of some essential requisite, according to the provisions of article 30 of the aforesaid law; and according to this provision, only such records of instruments are void that lack any of the requirements set forth in subdivisions 1, 2, 3, 4, 5, 6, and 8 of section 9. Such an omission has not been shown in the case at bar and, as has been said, the nullity of the instruments producing such records not being under discussion, it is not understood what prejudice their existence can cause the party plaintiff.

Even on the assumption that the records were not made with the strict care which the party appellant considers necessary according to the provisions of the sections of Title XV of the Mortgage Law and its Regulations, in so far as they relate to the transfers of the records contained in the old books, we would nevertheless arrive at the conclusion that the acts of Angel Fernández, as the parol agent of Tibot, were

subjected to examination by the registrar, who found no cause for not making the records and proceeded to make them. This being the case, no charge can be made against the person interested in the property right recorded, to the extent of annulling the records upon the grounds alleged, which are different from those which can bring about annulment according to the Mortgage Law.

Still less reason for the annulment desired exists if it be considered that the errors or omissions cited by the party appellant are not due to any defect in the instruments recorded, but consists in the omission of formalities which the registrar should have considered in due time; but the records having been entered on the books, their cancellation lies only on the grounds and in the manner prescribed by the law and its Regulations.

According to section 89 of the Regulations for the execution of the Mortgage Law, when a petition for the annulment of a record is denied, the registrar shall be informed of such denial in order that he may cancel the marginal note of "petition for annulment," if the latter had been requested and obtained as provided by article 88, as was done in this case.

The costs should be taxed against the party appellant.

In view of the legal provisions cited, we adjudge that we should affirm, and do affirm, the judgment rendered on March 12 of last year by the District Court of San Juan in favor of the defendant in the matter of a petition for the annulment of records and their cancellation, with costs against the appellant. Communicate the final judgment to the registrar for the purposes of section 89 of the Regulations for the execution of the Mortgage Law.

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.